IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Pilar Resendez, | Case No. 3:10 CV 1242 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Taggart Boyd, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Pilar Resendez, incarcerated at the North Central Correctional Institution ("NCCI") in Marion, Ohio, filed this action under 42 U.S.C. §§ 1983 and 1985 against Defendants NCCI Inspector Taggart Boyd, NCCI Shift Supervisor Robert Buck, and NCCI Corrections Officer Bolen. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. Nos. 2 & 4).

Plaintiff contends that while on his way to the prison dining room, Officer Bolen, while riding a bicycle, negligently struck Plaintiff. Plaintiff further claims the other Defendants acted in collusion to deny the incident occurred.

### ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons that follow, this action is dismissed.

**Section 1983 Claim Against Defendant Bolen**

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements . . . are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Defendant's alleged conduct must be intentional. Mere negligence cannot constitute a constitutional violation. *Wolf v. Winlock*, 34 F. App'x 457, 461 (6th Cir. 2002). Plaintiff only alleges negligence in his Complaint, not intentional conduct (Doc. No. 1, ¶ 8). Therefore, the Section 1983 claim must be dismissed for failure to state a claim.

**Section 1985(3) Claim Against Defendants Boyd and Buck**

In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, (3) an act in furtherance of that conspiracy, (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir. 1998). The conspiracy must be motivated by racial, or other protected class-based animus. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268, (1993). There is no allegation in the Complaint concerning race or other protected class-based discrimination. Rather, the Complaint alleges a conspiracy to cover up an act of negligence. The Complaint does not allege a Section 1985(3) claim, and this claim too must be dismissed.

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed under 28 U.S.C. §1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    August 10, 2010